**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **HIMANI CHAUDHARI** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00629** |
| | ) | **Richardson/Hill** |
| **DIRECTOR OF UNITED STATES CITIZEN AND IMMIGRATION SERVICES** | ) | |

**TO: Honorable Eli Richardson, United States District Judge**

## R E P O R T  A N D  R E C O M M E N D A T I O N

By Order entered April 30, 2026 (Docket Entry No. 12), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is Defendant's motion to dismiss (Docket Entry No. 10), to which Plaintiff has not filed a response. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

Himani Chaudhari ("Plaintiff") is citizen of India and resident of Clarksville, Tennessee. On June 6, 2025, he paid the filing fee and filed this *pro se* lawsuit against the Director of the United States Citizenship and Immigration Services ("USCIS"). Plaintiff asserts that he was the victim of an armed robbery in the fall of 2024, and that, on December 2024, he filed a I-918 petition for U Nonimmigrant Status ("U Visa") and a Form I-765 request for work authorization status for himself and derivative applications for qualifying family members. He alleges that no action has been taken on the applications as of the date of his complaint and that the failure of the agency to conduct an initial review and render a bona fide determination ("BFD") on the applications

constitutes an unreasonable delay and has prevented Plaintiff and his family member from having deferred action status and employment authorization documents ("EAD"). Plaintiff seeks relief under the Administrative Procedure Act ("APA") to direct the USCIS to make a BFD on the U Visa and EAD applications.

Defendant motions for the dismissal of this action based on two arguments. First, Defendant seeks dismissal under Ruel 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction to grant relief under the APA on a claim that is based on Defendant's failure to adjudicate the request for EADs. Defendant argues that the decision of whether to grant EADs is statutorily vested to the discretion of the Secretary of Health and Human Services and is thus not reviewable by the Court. Second, Defendant seeks dismissal under Rule 12(b)(6), arguing that Plaintiff fails to state a claim for relief 's claim based on the failure of Defendant to render a BFD on his U Visa application because, under the prevailing law on the issue, the alleged delay of several months is simply not long enough to constitute unreasonable delay that warrants relief under the APA to compel Defendant to act upon the application. *See* Defendant's Memorandum in Support (Docket Entry No. 11).

By Order entered May 4, 2026 (Docket Entry No. 13), Plaintiff was notified of the motion and, even though the motion had already been pending for several months without a response, Plaintiff was given an extended deadline of June 1, 2026, to file a response to the motion. To date, no response has been filed, and the docket reflects that Plaintiff has taken no action in the case since having summons issued in August 2025. *See* Docket Entry No. 7.

## II. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." A motion to dismiss under Rule 12(b)(1) "may either attack the claim of

jurisdiction on its face or it can attack the factual basis of jurisdiction." *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A facial attack, as here, tests the pleading's sufficiency, not the veracity of its allegations. *Stout v. United States*, 721 F.App'x 462, 465 (6th Cir. 2018).

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiffs. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is litigating the case *pro se*, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, the Court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

**III. ANALYIS**

The motion to dismiss should be granted. Defendant presents legally supported, reasoned, and persuasive arguments as to why the lawsuit should be dismissed. *See Barrios Garcia v. U.S. Department of Homeland Security*, 25 F.4th 430, 451 (6th Cir. 2022) ("we cannot review DHS's refusal to adjudicate prewaitlist applicants' work-authorization applications."); *Telecommunications Research & Action Center v. FCC*), 750 F.2d 70 (D.C. Cir. 1984). In the absence of a response from Plaintiff that addresses and rebuts the dismissal arguments, it is not the

Court's duty to make arguments on Plaintiff's behalf. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F.App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome on the Court, it would transform the Courts from a neutral arbiter of the instant dispute into an advocates for a particular party. Although courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) (it is not the duty of a court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D. Tenn. Sept. 28, 2016) (Sharp, J.) ("this Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."). Accordingly, dismissal of the case is warranted for the reasons set out by Defendant in its motion.

## RECOMMENDATION

For the reasons set out above, the Court respectfully **RECOMMENDS** that the motion to dismiss (Docket Entry No. 10) filed by Defendant be **GRANTED** and that this lawsuit be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure

to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

LYNDA M. HILL
United States Magistrate Judge