UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HIMANI CHAUDHARI,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF UNITED STATES CITIZEN AND IMMIGRATION SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:25-cv-00629<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 14, "R&R") of the Magistrate Judge, which recommends that the motion to dismiss (Doc. No. 10, "Motion") filed by Defendant be granted and the action dismissed. (Doc. No. 14 at 4). No objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the statement of the procedural background and relevant facts (regarding the underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that statement in its entirety and includes it here for reference:

> Himani Chaudhari ("Plaintiff") is [a] citizen of India and resident of Clarksville, Tennessee. On June 6, 2025, he paid the filing fee and filed this pro se lawsuit against the Director of the United States Citizenship and Immigration Services ("USCIS"). Plaintiff asserts that he was the victim of an armed robbery in the fall of 2024, and that, on December 2024, he filed a I-918 petition for U

[1] Except in the quoted section of the R&R wherein the Magistrate Judge refers to both herself and the undersigned District Judge generally as "the Court," herein "the Court" specifically refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of a report and recommendation in which to file any written objections thereto with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on September 30, 2026, and 21 days later, Plaintiff has not filed any objections.

> Nonimmigrant Status ("U Visa") and a Form I-765 request for work authorization status for himself and derivative applications for qualifying family members. He alleges that no action has been taken on the applications as of the date of his complaint and that the failure of the agency to conduct an initial review and render a bona fide determination ("BFD") on the applications constitutes an unreasonable delay and has prevented Plaintiff and his family member from having deferred action status and employment authorization documents ("EAD"). Plaintiff seeks relief under the Administrative Procedure Act ("APA") to direct the USCIS to make a BFD on the U Visa and EAD applications.
>
> Defendant motions for the dismissal of this action based on two arguments. First, Defendant seeks dismissal under [Rule] 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction to grant relief under the APA on a claim that is based on Defendant's failure to adjudicate the request for EADs. Defendant argues that the decision of whether to grant EADs is statutorily vested to the discretion of the Secretary of Health and Human Services and is thus not reviewable by the Court. Second, Defendant seeks dismissal under Rule 12(b)(6), arguing that Plaintiff fails to state a claim for relief [. . .] based on the failure of Defendant to render a BFD on his U Visa application because, under the prevailing law on the issue, the alleged delay of several months is simply not long enough to constitute unreasonable delay that warrants relief under the APA to compel Defendant to act upon the application. *See* Defendant's Memorandum in Support (Docket Entry No. 11).
>
> By Order entered May 4, 2026 (Docket Entry No. 13), Plaintiff was notified of the motion and, even though the motion had already been pending for several months without a response, Plaintiff was given an extended deadline of June 1, 2026, to file a response to the motion. To date, no response has been filed, and the docket reflects that Plaintiff has taken no action in the case since having summons issued in August 2025. *See* Docket Entry No. 7.

(Doc. No. 14 at 1-2). In the R&R, the Magistrate Judge recommended that the Motion "be granted [because] Defendant presents legally supported, reasoned, and persuasive arguments as to why the lawsuit should be dismissed." (*Id.* at 3).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge

may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 14) is adopted and approved—albeit, with the following clarification. The R&R was not explicit about which one(s) of Defendant's two bases for dismissal should be the basis for dismissal. But the R&R did state that "dismissal of the case is warranted for *the reasons* set out by Defendant in its motion." (*Id.* at 4) (emphasis added). From this, it follows that the recommendation was to dismiss based alternatively on *each* of the two asserted grounds for dismissal. As noted above, the first alternative basis was a lack of subject-matter jurisdiction under Rule 12(b)(1). The Court adopts the R&R's implicit recommendation that the dismissal be for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). And when the dismissal is on this basis, then the Court should not address whether there should be a

dismissal under Rule 12(b)(6). *Cf. Hain Celestial Grp., Inc. v. Palmquist,* 607 U.S. 421, 434 (2026) (Thomas, J., concurring) ("[I]f a federal court determines that it lacks jurisdiction in a case, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)).[3]

So, the Court adopts the R&R, with the understanding that the dismissal recommended by the R&R will be one for lack of subject-matter jurisdiction under Rule 12(b)(1). Accordingly, Defendant's Motion (Doc. No. 10) is **GRANTED**, and this action is **DISMISSED** pursuant specifically to Rule 12(b)(1) for lack of subject-matter jurisdiction. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[3] The Court will elaborate here on why, as suggested in *Hain Celestial Grp.,* a federal court should not decide a Rule 12(b)(6) motion once it determines that it lacks subject-matter jurisdiction.

*Unlike* dismissals for lack of jurisdiction (including for lack of subject-matter jurisdiction), which are without prejudice, dismissals under Rule 12(b)(6) are typically with prejudice and, if so, represent a merits-based decision. *Compare Miller v. Collins,* No. 23-3191, 2023 WL 7303305, at *4 (6th Cir. Nov. 6, 2023) ("[D]ismissals pursuant to Rule 12(b)(6) are 'judgment[s] on the merits' and are therefore presumed to be with prejudice." (quoting *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004)), *with Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576-77 (6th Cir. 2010) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." (quoting *Mitan v. Int'l Fid. Ins. Co.,* 23 F. App'x. 292, 298 (6th Cir. 2001))). And, as suggested in *Hain Celestial Grp.*, if the Court lacks subject-matter jurisdiction, then it should not be making merits-based decisions at all. *See also Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 176 (6th Cir. 2022) ("Because the court lacked jurisdiction to decide the merits of these claims, however, it should have dismissed them without prejudice.").

So, under the foregoing authority, the Court's determination that it lacks jurisdiction should preclude the Court's consideration of a motion, such as a Rule 12(b)(6) motion, that implicates the merits. Although potentially significant for the reasons detailed above, the distinction between these two kinds of dismissal typically is one without a difference when—as seems to be the case here—the jurisdictional defect that led to the dismissal could not be fixed in any event, such that filing the claims a second time (as permitted following a dismissal without prejudice) would not do the plaintiff any good anyway.